On April 23, 1992, the City of Auburn (employer) filed a complaint against Roger Brown for the determination of a disputed workmen's compensation claim. Brown answered and counterclaimed against the employer for workmen's compensation benefits owed to him.
The depositions of Brown, his treating physician, and the two other physicians who had examined him were taken. The record reflects that on September 17, 1991, Brown injured his back while working as chief of the city tree service crew. Brown sought and received medical treatment at Auburn Family Care until December 5, 1991. He was then referred to Dr. J. Kenyon Rainer, an Opelika neurosurgeon, because of continued back problems. Dr. Rainer diagnosed Brown as having disc herniations at the L4-5 and L5-S1 areas of his lumbar spine and *Page 1340 
concluded that he needed surgery to correct the problem. The employer, however, did not approve the surgery for Brown. Instead, it asked Brown to get a second opinion from Dr. Charles Clark, a neurosurgeon in Birmingham. Dr. Clark determined that Brown had strained his lumbar spine, and his recommendation was physical therapy, instead of surgery, to treat the injury.
Brown returned to Dr. Rainer, but his employer would not approve surgery to treat Brown's injury. The employer asked Brown to see another neurosurgeon, Dr. Carvel Woodall, in Birmingham. Dr. Woodall was of the opinion that Brown was suffering from an acute and chronic lumbar strain. His recommendation was for intensive physical therapy.
All of the doctors agreed that Brown was not at maximum medical improvement. Brown expressed a desire to have the surgery to correct his injury; however, his employer refused to approve the procedure.
Both parties requested separate trials to determine the proper course of medical treatment and the issue relating to permanent disability once Brown has reached maximum medical improvement. The issue of proper medical treatment was submitted to the trial court on the depositions and the motions of the parties. The trial court entered an order, finding the following:
 "The facts as they relate to medical treatment offered to [Brown] are unusual. Following the injury to [Brown], [the employer] approved medical treatment for him with Dr. Kenyon Rainer, a Lee County neurosurgeon. Dr. Rainer has recommended surgery to correct the back injury suffered by [Brown].
 "[The employer] then requested a second and third opinion from Birmingham neurosurgeons, Dr. Charles Clark and Carvel Woodall. These physicians recommended that [Brown] be treated with aggressive physical therapy rather than surgery.
 "[Brown] wants surgery. [The employer] wants [Brown] to submit to aggressive physical therapy. The parties cannot agree, and the Court is placed in the position of deciding which course of medical treatment should be afforded [to Brown].
 "This Court finds that each of the three doctors [is a] qualified neurosurgeon and that [the employer] approved, at least initially, each as a treating physician for [Brown]. The Court finds that the decision should rest with [Brown], and he is hereby authorized to seek treatment recommended by any one of the three surgeons."
This order was made a final order pursuant to Rule 54(b), A.R.Civ.P., as to the issue of proper medical treatment for Brown.
The employer appeals, raising two issues. The first is whether the trial court erred in failing to set forth findings of fact in support of its order; the second is whether the trial court erred in ruling that the decision between conflicting medical opinions as to the reasonable and necessary course of treatment of an employee in a workmen's compensation action should be left to the employee.
We find the dispositive issue to be whether an employer can dictate the course of treatment for an injured employee after the employee is under the care of a physician authorized by the employer as a treating physician.
In determining who the treating physician will be in a workmen's compensation case, the drafters of the applicable Alabama statute took into consideration two desirable values. Professor Larson describes the values as follows:
 "The first is the value of allowing an employee, as far as possible, to choose his own doctor. This value stems from the confidential nature of the doctor-patient relation, from the desirability of the patient's trusting the doctor, and from various other considerations. The other desirable value is that of achieving the maximum standards of rehabilitation by permitting the compensation system to exercise continuous control of the nature and quality of medical services from the moment of injury. If the injured employee has completely unlimited free choice of his doctor, in some cases he may select a doctor, because of personal relationship or acquaintance, *Page 1341 
who is not qualified to deal with the particular kind of case, or who at any rate is incapable of providing service of the quality required for the optimum rehabilitation process."
2 A. Larson, The Law of Workmen's Compensation § 61.12(b), at 10-790 (1989).
Section 25-5-77, Ala. Code 1975, deals with the procedure in Alabama for choosing treating physicians in workmen's compensation cases. Section 25-5-77(a) reads as follows:
 "If the employee is dissatisfied with the initial treating physician selected by the employer and if further treatment is required, the employee may so advise the employer, and the employee shall be entitled to select a second physician from a panel or list of four physicians selected by the employer. If surgery is required and if the employee is dissatisfied with the designated surgeon, he or she may so advise the employer, and the employee shall be entitled to select a second surgeon from a panel or list of four surgeons selected by the employer."
By developing a system for the selection of a treating physician in § 25-5-77, the Alabama Legislature was apparently attempting to strike a balance between the two values.
Implicit in such a system is that the physicians, who are approved by the employer as treating physicians, are competent medical doctors equipped with the knowledge to properly and adequately treat the injuries which are presented to them by the employee.
The Supreme Court of Oklahoma has held that the employer cannot dictate to the attending physician the course of procedure that he is to take in the treatment of an employee.Blackstock v. Airington, 153 Okla. 161, 5 P.2d 381 (1931). We do not interpret the legislature as intending to allow the employer to select a panel of physicians who can be used as treating physicians and also give the employer the power to dictate the procedures the chosen physician will perform. This defeats the very purpose of allowing the employee to select his treating physician from the employer's list of authorized physicians.
Moreover, this court has delineated instances of justification for failing to obtain an employer's authorization prior to incurring medical expenses as:
 "(1) where the employer has neglected or refused to provide the necessary medical care; (2) where the employer has consented to the selection by the employee; (3) where notice of and request for alternative care would be futile; and (4) where other circumstances exist which justify the selection of alternative care by the employee."
Kimberly-Clark Corp. v. Golden, 486 So.2d 435, 437
(Ala.Civ.App. 1986); United States v. Bear Brothers, Inc.,355 So.2d 1133 (Ala.Civ.App. 1978).
In Kimberly-Clark, the employee was found to be authorized to seek alternative medical treatment because the employer neglected to or refused to provide the necessary medical care. In a more recent case, this court held that a trial court could have determined that an employee was justified in seeking medical treatment without notice or authorization by the employer because the employer had previously refused to grant such an authorization. Combustion Engineering, Inc. v. Walley,541 So.2d 560 (Ala.Civ.App. 1989).
In the instant case, Brown went to an authorized physician, accepted and agreed to his recommended course of treatment; however, the employer refused to approve the necessary surgery. We hold that, as a general rule, the employer may not dictate to the employee that he may not have the medical treatment recommended by his authorized, treating physician.
We further hold that the trial court did not err in authorizing Brown to seek the surgical treatment recommended by Dr. Rainer, who was authorized by the employer to be Brown's treating physician.
The trial court's judgment is affirmed.
AFFIRMED.
YATES, J., concurs.
THIGPEN, J., concurs in the result only. *Page 1342