Wal-Mart Stores, Inc., seeks a writ of mandamus directing the trial court to rescind its order which allowed the employee in a workers' compensation action to proceed with surgery not recommend-ed by her currently authorized treating physician, and which directed the employer to pay for the surgery by an out-of-state physician. We grant the petition.
The plaintiff, Barbara J. Bishop f/k/a Barbara J. Trapp, claims to have suffered a back injury while working for the defendant, Wal-Mart Stores, Inc., on January 6, 1998. Although Wal-Mart disputes the compensability of the plaintiff's alleged injury, the company has provided medical treatment for her back. The initial authorized treating physician was Dr. Michael Klassen of Anniston. Dr. Klassen ordered a MRI of the lumbar spine, which showed a "right central disc bulge at L3-4 with no significant neural compressive effects." *Page 1086 
Dr. Klassen did not recommend surgery. The plaintiff then moved to Memphis, Tennessee, and lived there approximately two months. While she was there, Wal-Mart authorized a consultation with Dr. John Brophy, a Memphis neurosurgeon. He performed a lumbar myelogram/CT scan, which revealed a "possible small focal lateral right L3-4 herniation." Dr. Brophy recommended a surgical decompression at the L3-4 area. Because two authorized physicians had provided conflicting opinions, Wal-Mart scheduled a second surgical opinion consultation in Memphis with Dr. Fereidon Parisioon. However, when Wal-Mart sought to contact the plaintiff to inform her of this appointment, her telephone had been disconnected, because she had moved back to Calhoun County.
Upon her return to Alabama, Dr. Klassen remained the plaintiff's authorized treating physician. Stating through counsel that she was dissatisfied with Dr. Klassen, the plaintiff, as authorized by Ala. Code 1975, § 25-5-77(a), requested a panel of four physicians from which to select another authorized treating physician. From a panel of four, the plaintiff selected Dr. Martin P. Jones, Jr., of the Alabama Sports Medicine Orthopaedic Center in Birmingham.
Dr. Jones performed an evaluation, writing a chart review "To Whom It May Concern" on May 21, 1999:
 "I have reviewed her MRI scan. This was done on 5/29/98. The study showed minimal right paracentral disk bulge at the 3-4 level without significant neural compressive effects. No other significant abnormalities was [sic] seen.
 "She also had a myelogram that basically also showed a very small focal right lateral disk bulge at the 3-4 level. They question whether it could possibly be a small focal disk herniation.
 "From my standpoint, the distribution of her pain is certainly not in the L3-4 level and the findings for a 42 year old are minimal. I do not think that surgical intervention is indicated. I do not see anything in her records that she was scheduled for surgery, but at least this is what the patient told me. In any event, at this point I would recommend a functional capacity evaluation to determine what limits, if any, she has at this time."
The plaintiff completed the functional capacity evaluation. Dr. Jones wrote on June 28, 1999:
 "ASSESSMENT/PLAN: At this point, we will get this information to Wal-Mart and they can help determine her job position. There was evidence of inconsistencies throughout the test as noted in the functional capacity evaluation. She also scored 12/16 on the Waddell's questionnaire which is in the maximum range for magnified illness behavior. It is possible that greater lifting capabilities are possible and this could be evaluated at a later date. She is at maximum medical improvement with a 3% impairment rating to the body as a whole."
On February 29, 2000, the plaintiff moved for an emergency hearing for immediate medical attention, claiming that she needed further surgical evaluation, and, possibly, surgery as recommended by Dr. Brophy. Wal-Mart opposed the motion, providing the trial court with a history of the plaintiff's medical treatment and copies of Dr. Jones' reports.
On March 9, 2000, the trial court entered the following order:
 "The above entitled cause having come before the Court on motion of the Plaintiff for an Emergency Hearing for Medical Attention, and;
 "After arguments on said Motion, the Court finds that there are differing opinions *Page 1087 
as to the recommended medical treatment in this matter by the authorized physicians, and it is Plaintiff's position that she should be allowed to elect which authorized physician she chooses for treatment, and;
 "After consideration of the same, it is hereby ORDERED, ADJUDGED and DECREED, that the Plaintiff shall be allowed to proceed with surgery as recommended by the authorized physician, Dr. John Brophy, and that the Defendant shall be responsible for the payment of all costs and other expenses associated therewith pursuant to and consistent with the Alabama Workers Compensation Act. The Defendant is further ordered to arrange and schedule the selected treatment that the plaintiff has chosen with the authorized physician."
In response to this order, Wal-Mart filed a motion for reconsideration, arguing that Dr. Brophy was no longer the plaintiff's authorized treating physician, because she had selected Dr. Jones from a panel of four in accordance with Ala. Code 1975, § 25-5-77(a). Wal-Mart also contended that there is no provision in the Workers' Compensation Act for an employee to "choose" a previously authorized physician over a currently authorized physician whom the employee selected from a panel of four. In this motion, Wal-Mart also requested that the trial court appoint a neutral physician under Ala. Code 1975, §25-5-77(b), to examine the plaintiff and report his or her findings to the trial court.
The plaintiff responded to the motion for reconsideration, arguing thatCity of Auburn v. Brown, 638 So.2d 1339 (Ala.Civ.App. 1993), is the controlling authority. The trial court denied Wal-Mart's motion for reconsideration. Wal-Mart filed a petition for writ of mandamus to the Court of Civil Appeals. The Court of Civil Appeals denied the writ, without an opinion.
Wal-Mart petitions this Court pursuant to Rule 21(e), Ala. R. App. P., requesting that a writ of mandamus issue to the trial court, directing it to rescind its March 9, 2000, order. Mandamus is an extraordinary remedy requiring a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Exparte Edgar, 543 So.2d 682, 684 (Ala. 1989); Ex parte Alfab, Inc.,586 So.2d 889, 891 (Ala. 1991); Ex parte Johnson, 638 So.2d 772, 773
(Ala. 1994). We must determine whether, under the Workers' Compensation Act, the employee is allowed to select an authorized treating physician from a four-physician panel, pursuant to Ala. Code 1975, § 25-5-77(a), and then, having become dissatisfied with that physician, return to a previously authorized physician for treatment at the employer's expense.
The plaintiff contends that City of Auburn v. Brown, supra, is dispositive of this case. In City of Auburn, the employee, Brown, went to a neurosurgeon approved by the employer; the neurosurgeon recommended surgery. The employer then requested second and third opinions from other neurosurgeons. These physicians recommended that Brown be treated with physical therapy, not surgery. The trial judge determined "that the decision should rest with [Brown] and he is hereby authorized to seek treatment recommended by any one of the three surgeons." Id. at 1340.
The Court of Civil Appeals, holding that the employee could make the decision, discussed the "desirable values" that the *Page 1088 
drafters of the workers' compensation statutes sought to balance:
 "We find the dispositive issue to be whether an employer can dictate the course of treatment for an injured employee after the employee is under the care of a physician authorized by the employer as a treating physician.
 "In determining who the treating physician will be in a workmen's compensation case the drafters of the applicable Alabama statute took into consideration two desirable values. Professor Larson describes the values as follows:
 "`The first is the value of allowing an employee, as far as possible, to choose his own doctor. This value stems from the confidential nature of the doctor-patient relation, from the desirability of the patient's trusting the doctor, and from various other considerations. The other desirable value is that of achieving the maximum standards of rehabilitation by permitting the compensation system to exercise continuous control of the nature and quality of medical services from the moment of injury. If the injured employee has completely unlimited free choice of his doctor, in some cases he may select a doctor, because of personal relationship or acquaintance, who is not qualified to deal with the particular kind of case, or who at any rate is incapable of providing service of the quality required for the optimum rehabilitation process.'
 "2 A. Larson, The Law of Workmen's Compensation § 61.12(b), at 10-790 (1989)."
638 So.2d at 1340-41. After quoting Ala. Code 1975, § 25-5-77(a), which deals with the procedure in Alabama for choosing a treating physician, the Court of Civil Appeals stated:
 "By developing a system for the selection of a treating physician in § 25-5-77, the Alabama Legislature was apparently attempting to strike a balance between the two values."
Id. at 1341. The Court of Civil Appeals refused to allow the employer to dictate the procedures the chosen physician will perform:
 "In the instant case, Brown went to an authorized physician, accepted and agreed to his recommended course of treatment; however, the employer refused to approve the necessary surgery. We hold that, as a general rule, the employer may not dictate to the employee that he may not have the medical treatment recommended by his authorized, treating physician."
Id. p. 1341. (Emphasis added.) In other words, Brown's employer was not allowed to refuse to approve the surgery recommended by Brown's authorized treating physician.
The fact situation in the case sub judice does not fall within that "general rule." Here, the employee moved to Tennessee, where the employer authorized a treating physician. She moved back to Alabama, sought a new authorized physician, and chose, pursuant to Ala. Code 1975, §25-5-77(a), Dr. Jones to be her authorized treating physician. Dr. Jones does not recommend back surgery. Although Dr. Brophy has recommended surgery, he is not the plaintiff's authorized treating physician. Contrary to the trial court's order, this is not a situation where the plaintiff can "elect which authorized physician she chooses for treatment." Dr. Jones is the plaintiff's only authorized treating physician. She chose Dr. Jones, and the trial court does not have the authority to select, or to authorize her to select, Dr. Brophy to be her authorized treating physician. *Page 1089 
We conclude that Wal-Mart has a clear legal right to the relief sought. See Ex parte Woodward Iron Co., 277 Ala. 133, 167 So.2d 702
(1964) (mandamus lies to require a trial court to vacate an unauthorized order in a workers' compensation case). The trial court's order deprives Wal-Mart of its rights regarding the selection of a treating physician. The writ of mandamus is hereby issued and the trial court is directed to rescind its March 9, 2000, order that Wal-Mart arrange, schedule and pay for the selected treatment that the plaintiff has chosen with Dr. Brophy.
PETITION GRANTED; WRIT ISSUED.
Moore, C.J., and Houston, See, Lyons, Brown, Harwood, and Stuart, JJ., concur.