I disagree with the proposition, advanced in one of the special writings in this case, that the Alabama Supreme Court should revisit Ex parte Farm, *Page 926 810 So.2d 631 (Ala. 2001), in this case in that the appellant has not argued in her brief that Fann was wrongly decided. Moreover, I am not convinced that the Supreme Court's primary holding in Fann — that the express terms of the Custody and Domestic or Family Abuse Act, § 30-3-130 et seq., Ala. Code 1975 ("the CDFAA"), as enacted by the Legislature in 1995 do not include a statutory requirement that trial courts make specific factual findings concerning abuse allegations — is unsound.
If the Legislature wishes to amend the CDFAA so as to mandate express findings of abuse in custody cases (and Judge Thompson's special writing offers sound reasons for undertaking such a course of action), that body has the power to do so.[3] Barring such action, however, it is not the province of the judiciary to improve upon the CDFAA. SeeEx parte Brookwood Med. Ctr., Inc., 895 So.2d 1000, 1006
(Ala.Civ.App. 2004).
[3] Alternatively, the Legislature might choose to exercise its authority under § 150 of the Alabama Constitution of 1901 to change Rule 52(a), Ala. R. Civ. P., which provides that "[i]n all actions tried upon the facts without a jury . . . the court may upon written request andshall when required by statute, find the facts specially and state separately its conclusions of law thereon" (emphasis added).