PITTMAN, Judge,
concurring specially.
Having written both Ex parte Alabama Power Co., 863 So.2d 1099 (Ala.Civ.App.2003), and Ex Parte Brookwood Medical Center, Inc., 895 So.2d 1000 (Ala.Civ.App.2004), two cases upon which Davis Plumbing has placed great reliance, I fully endorse the principle that the Alabama Workers’ Compensation Act places “considerable control” in the hands *100 of employers with respect to the medical and surgical care and treatment of injured employees. Considerable control of medical and surgical care is not, however, total control of all issues related to such care. Like Judge Thompson, I am loath to declare the existence of a power to dictate an employee’s choice of pharmacies when the Act itself does not expressly provide for such power, even if amending the Act to expressly confer such power might reasonably be viewed as furthering the cost-reduction goals that the legislature sought to further in its 1992 amendments to the Act (see Act No. 92-537, § 1, Ala. Acts 1992). I therefore concur in the main opinion.