Rel: September 19, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2025

_____

## CL-2025-0486

_____

## Ex parte Michael Lancaster, Jr.

## PETITION FOR WRIT OF MANDAMUS

## (In re: Michael Lancaster, Jr.

## v.

## Hunnicutt Mobile Home Service, Inc.)

## (Tuscaloosa Circuit Court: CV-24-901047)

MOORE, Presiding Judge.

Michael Lancaster, Jr. ("the employee"), petitions this court for a writ of mandamus directing the Tuscaloosa Circuit Court ("the circuit court") to vacate an order denying his motion to require Hunnicutt Mobile Home Service, Inc. ("the employer"), to provide him a second panel of four

physicians pursuant to Ala. Code 1975, § 25-5-77(a), a part of the Alabama Workers' Compensation Act ("the Act"), Ala. Code 1975, § 25-5-1 et seq., and to enter an order directing the employer to provide him a second panel of four physicians. We deny the petition.

<u>Background</u>

The employee was involved in a motor-vehicle accident on April 3, 2024, while working for the employer as a truck driver. The employer selected Dr. Brian Scott Claytor, an orthopedic specialist, to treat the employee for, among other things, an injury to his left elbow. The employer selected Dr. Thomas M. Davis, Jr., an ophthalmologist, to treat the employee for an injury to his left eye. On May 31, 2024, Dr. Claytor determined that the employee had reached maximum medical improvement for his left-elbow injury and released him to return to full duty. On July 5, 2024, Dr. Claytor determined that the employee did not need surgery for the left-elbow injury. Also on July 5, 2024, Dr. Davis determined that the employee had reached maximum medical improvement for his left-eye injury and released him to return to full duty.

On or about August 19, 2024, the employee, through his attorney, notified the employer that he had become dissatisfied with his medical treatment, and he requested that the employer supply him with a panel of four physicians pursuant to § 25-5-77(a). Section 25-5-77(a) provides, in pertinent part:

> "If the employee is dissatisfied with the initial treating physician selected by the employer and if further treatment is required, the employee may so advise the employer, and the employee shall be entitled to select a second physician from a panel or list of four physicians selected by the employer."

The parties disputed whether the employee was entitled to two panels -- one consisting of ophthalmologists and one consisting of orthopedic specialists.

On October 29, 2024, the employee commenced the underlying civil action by filing a complaint against the employer seeking, among other things, all the medical benefits to which he was entitled under the Act. On November 14, 2024, the employer provided the employee with a panel of four alternative ophthalmologists, from which the employee selected Dr. Thomas Albright to treat his left-eye injury. The employer refused to provide the employee with a second panel of four physicians from which to choose an orthopedic specialist to treat his left-elbow injury.

3

On December 2, 2024, the employee filed a motion requesting that the circuit court order the employer to provide him with a second panel of four alternative orthopedic specialists. On May 15, 2025, the circuit court entered an order denying the motion. The order provides, in pertinent part:

> "This matter came before the Court on [the employee]'s Motion for this Court to Order [the employer] to [p]rovide a [p]anel of [f]our. [The employee] originally requested an [o]rthopedic [p]anel of [f]our and a separate [o]phthalmology [p]anel of [f]our. [The employer] denied that request but later provided an [o]phthalmology [p]anel of [f]our. Under the language of Ala. Code [1975, §] 25-5-77(a), the [employee] has exercised his right to a [p]anel of [f]our and the [c]ourt finds no distinction in Alabama law that allows a separate [p]anel of [f]our for different injured body parts.
>
> "It is not this [c]ourt's place to expand the law or further interpret the law where there is no ambiguity regardless of whether the [c]ourt finds the lack of authorization for a [p]anel of [f]our for each injured body part to be an omission or over oversight by the [l]egislature.
>
> "Therefore, [the employee]'s [m]otion is due to be and hereby is DENIED."

(Capitalization in original.) On June 24, 2025, the employee filed his petition for the writ of mandamus.

4

## Standard of Review

"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."

Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995). An interlocutory order granting or denying a motion for a panel of four physicians is reviewable by a petition for a writ of mandamus. See, e.g., Ex parte Kish, 45 So. 3d 772, 774 (Ala. Civ. App. 2010); cf. Colby Furniture Co. v. Overton, 299 So. 3d 259, 264 (Ala. Civ. App. 2019) (holding that final judgment resolving controversy over panel-of-four rights was reviewable by appeal).

## Analysis

The employee maintains that the circuit court erred in denying him a second panel of four physicians because, he says, he has a clear legal right to the second panel pursuant to § 25-5-77(a). However, the language of § 25-5-77(a), as applied by this court, and its legislative history do not support the employee's contention.

By its plain language, § 25-5-77(a) provides that an employer shall select "the initial treating physician" to provide covered medical care for

5

an injured employee. Should the injured employee become dissatisfied with the treatment being provided by "the initial treating physician," upon advising the employer of the dissatisfaction, the injured employee is "entitled" to select a "second physician" from a panel or list of four physicians formulated by the employer.

In Ex parte Brookwood Medical Center, Inc., 895 So. 2d 1000 (Ala. Civ. App. 2004), Janice Nixon, an employee of Brookwood Medical Center, suffered a work-related back injury. Brookwood authorized Dr. Carter Morris, an orthopedic surgeon, to treat the injury. Dr. Morris performed surgery. Following the surgery, Dr. Morris referred Nixon to Dr. Matthew Berke, a pain-management specialist. Shortly after Dr. Morris opined that Nixon could return to work, Nixon expressed her dissatisfaction with Dr. Morris, and she selected a new orthopedic surgeon, Dr. Martin Jones, from a panel of four supplied by Brookwood. Dr. Jones referred Nixon back to Dr. Berke, who, in turn, referred her to Dr. Ronald Moon, for further pain-management care. Nixon requested a second panel of four physicians from which to choose another pain-management specialist. Brookwood denied the request, and Nixon filed a motion in her ongoing civil action to compel Brookwood to provide her

6

with a panel of four pain-management specialists. The Jefferson Circuit Court granted the motion and ordered Brookwood to provide Nixon with a second panel of four, this one composed of pain-management specialists. In its order, the Jefferson Circuit Court hypothesized

> "'that a worker could, in a single accident, suffer injuries to his eye and to his knee. Obviously, such a catastrophe could trigger treatment by two primary treating doctors, each in a different field -- perhaps ophthalmology and orthopedics. If the worker was dissatisfied with the ophthalmologist treating his eye injury, he would be entitled to a panel from which to select a replacement. But by so doing, if he were to become dissatisfied with the orthopedic surgeon treating his knee, would the law sanction an employer's refusal to provide a panel from which the worker could select a replacement? This Court thinks not.'"

895 So. 2d 1009 (Yates, P.J., dissenting). From that premise, the Jefferson Circuit Court determined that § 25-5-77(a) should be liberally construed to require an employer to provide a panel of four for each specialty involved in the treatment of a single work-related injury.

Brookwood filed a petition for the writ of mandamus in this court to compel the Jefferson Circuit Court to vacate the order requiring Brookwood to provide Nixon a second panel of four physicians. This court issued the writ of mandamus. Following the issuance of this court's opinion on original submission, Nixon filed an application for rehearing,

7

arguing that the decision could impair the right of an injured employee to multiple panels in a case in which the injured employee has multiple injuries from the same work-related accident. In the substituted opinion on rehearing, this court determined that

> "the Legislature has never simultaneously provided in the Act for an employee to reject more than one employer-provided physician <u>and</u> for an employee to be entitled to select a replacement physician from an employer-nominated panel of four. <u>As a result, '[o]nce the employee has exercised his or her right to a panel of four, the [Act] does not provide for additional panels,' and '[i]f the employee becomes dissatisfied with the doctor selected from the panel of four, he or she has no statutory right to request a second panel of four</u>.' 2 Terry A. Moore, <u>Alabama Workers' Compensation</u> § 17:21 (Supp. 2003).

> "We recognize, like the trial court, that the practice of medicine has changed, in many respects, since the Act was first passed by the Legislature in 1919. We further acknowledge the abstract force of the employee's contentions that the trial court's ordering a second panel of four in this case might represent a 'logical evolution' in the law, that it might further the 'beneficent purposes' of the Act, and that affording employees greater choice in who provides them medical services might be 'fair.' However, it is not the role of the judiciary to 'improve upon' legislation such as the Act, even upon such grounds as necessity based upon the passage of time. <u>See</u> § 43, Ala. Const. 1901 ('the judicial [department] shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men'). In this specific context, the Alabama Supreme Court has emphasized that while we must liberally construe the Act to effectuate its beneficent purposes, 'such a construction must be one that the <u>language of the statute</u>

8

"fairly and reasonably" supports.' Ex parte Dunlop Tire Corp., 706 So. 2d 729, 733 (Ala. 1997) (quoting Ex parte Beaver Valley Corp., 477 So. 2d 408, 411 (Ala. 1985))."

895 So. 2d at 1005-06 (second emphasis added).  In responding to Nixon's application for rehearing, this court stated:

"The employee contends on rehearing that to allow only one panel of four 'surely is not consistent with legislative intent'; she posits that in some instances, such as where an employee suffers multiple injuries, it is possible that an employer could assign, or a designated treating physician could refer, an employee who has previously exhausted his or her panel rights to an incompetent physician. To the contrary, as this court recognized in City of Auburn v. Brown, [638 So. 2d 1339 (Ala. Civ. App. 1993),] the physician-selection system set forth in § 25-5-77(a) operates under the understanding 'that the physicians, who are approved by the employer as treating physicians, are competent medical doctors equipped with the knowledge to properly and adequately treat the injuries which are presented to them by the employee.' 638 So. 2d at 1341. Even were an employer or a treating physician to undermine that understanding by selecting an incompetent physician, however, our law recognizes that there are certain instances in which an employee's obtaining treatment other than that offered by the employer may properly be deemed justified, including where the employer has 'neglected or refused' to provide necessary medical care. See id.

"In this case, the employer was wrongly compelled, in contravention of § 25-5-77(a), to provide a second panel of four physicians after the employee had already expressed dissatisfaction with a former treating physician and had already been allowed to choose another physician from an employer-nominated panel of four. Because we conclude that the order under review deprives the employer of its rights regarding the selection of a treating physician, we grant the

employer's petition for a writ of mandamus. The trial court is hereby directed to rescind its December 9, 2003, order. See Ex parte Wal-Mart Stores, Inc., 794 So. 2d [1085,] 1089 [(Ala. 2001)]."

895 So. 2d at 1006 (emphasis added).

As this court has explained in several subsequent cases, Brookwood holds that an injured employee who has exercised his or her right to a panel of four physicians has no statutory right to request a second panel of four physicians pursuant to § 25-5-77(a). See Kish, 45 So. 3d at 776; Colby Furniture Co., 299 So. 3d at 264 ("Once a second authorized treating physician has been selected, the employee has no statutory right to additional panels of four from which to select a new physician."); and Ex parte Kohler Co., 299 So. 3d 267, 271 (Ala. Civ. App. 2020) ("The court [in Brookwood] held that, under the current statutory scheme, once an employee has exercised his or her right under § 25-5-77(a) to select a second authorized treating physician from a panel of four provided by the employer, a trial court cannot order the employer to provide any additional panels from which the employee may choose a third authorized treating physician.").

The employee argues, however, that no case has specifically addressed the situation in which an employee has suffered distinct

injuries to two different parts of the body and the employer has selected two "initial treating physician[s]" to treat the distinct injuries. In Brookwood, this court directly addressed that scenario in the substituted opinion on rehearing, and a majority of this court rejected the proposition that an injured employee should have a right to a second panel of four in that circumstance; only Presiding Judge Yates agreed with that proposition in her dissent. 895 So. 2d at 1007-10 (Yates, P.J., dissenting). Even if that part of the Brookwood opinion addressing multiple injuries is dicta, it is still persuasive authority that is "worthy of consideration" in this case. Dowling v. Texas Co., 248 Ala. 96, 102, 26 So. 2d 590, 595 (1946).

> "Dictum may be persuasive and useful and need not be wholly disregarded. It is entitled to respectful consideration, as expressing the view of the judge, and may be followed if sufficiently persuasive because of the soundness of its reasoning. ...
>
> "Although mere repetition does not elevate obiter dicta to the level of binding precedent, approval of dicta in current decisions may ultimately clothe it with the same, or substantially the same, strength and importance attached to precedents, especially if the dicta involve the construction of a statute that has remained substantially the same."

21 C.J.S. Courts § 224 (2016) (footnotes omitted).

11

In <u>Kish</u>, <u>supra</u>, this court held that an employee who has exercised the right to a panel of four physicians also has a right to a panel of four surgeons when surgery is needed, but our decision was based on another clause in § 25-5-77(a) that provides: "If surgery is required and if the employee is dissatisfied with the designated surgeon, he or she may so advise the employer, and the employee shall be entitled to select a second surgeon from a panel or list of four surgeons selected by the employer." In this case, the employee presented no evidence indicating that he requires surgery for his left-elbow injury, so he has no right to a second panel of four pursuant to <u>Kish</u>. In <u>Kohler</u>, <u>supra</u>, this court determined that, in certain circumstances, an employer can be equitably estopped from asserting that an employee has exhausted the right to a panel of four physicians; however, the employee does not assert this theory in his mandamus petition. He claims only that he has a clear right to a second panel of four as a matter of law, which is contradicted by <u>Brookwood</u> and its progeny.

Furthermore, allowing an injured employee more than one panel of four physicians would upset the balance struck by the legislature 40 years ago. As explained in <u>Brookwood</u>, 895 So. 2d at 1001-03, at one time,

the former Alabama Workmen's Compensation Act, Ala. Code 1975, former § 25-5-1 et seq., and Ala. Code 1940 (1958 Recomp.), Title 26, § 253 et seq., gave employers complete control over the selection of an injured employee's treating physician. In 1973, the legislature amended that act to allow an injured employee who was dissatisfied with the initial treating physician to demand that a second physician be selected by the employer. Ala. Acts 1973, Act No. 1062, § 21 (amending Ala. Code 1940 (1958 Recomp.), Title 26, § 293). In 1975, the legislature authorized an injured employee to demand a third physician. Ala. Acts 1975, Act. No. 86, § 8 (Fourth Special Session) (amending Ala. Code 1940 (1958 Recomp.), Title 26, § 293) . Finally, in 1985, the legislature settled on the current panel-of-four procedure allowing an injured employee who has become dissatisfied with the initial treating physician to select a second physician from a panel of four physicians formulated by the employer. Ala. Acts 1985, Act No. 85-41, § 8 (amending former § 25-5-77(a)). The 1985 amendment to former § 25-5-77(a) repealed the right of an injured employee to demand that his or her employer provide a third physician, and the legislature did not include a right to a second panel of four should the injured employee become dissatisfied with his or her first selection.

13

In adopting the 1985 amendment to former § 25-5-77(a), the legislature obviously intended that injured employees should no longer have a right to repetitive demands for alternative treating physicians, which demands make treatment unwieldy and more expensive. Former § 25-5-77(a) was readopted verbatim in the current Act, which was also motivated by the legislature's desire to contain the costs of medical treatment. See Ala. Acts 1992, Act No. 92-537, § 1. As our supreme court has explained, § 25-5-77(a) is intended to assure that an employer retains the primary right to oversee the medical treatment of its injured employee to ensure "that it is provided in the most efficient and cost-effective manner." Ex parte Smitherman Bros. Trucking, Inc., 751 So. 2d 1232, 1233 (Ala. 1999). After 40 years, this court cannot disrupt the system by adding a right to a second panel of four physicians that the legislature did not include in the Act but, instead, specifically rejected.

The plain language of § 25-5-77(a), and the legislative history behind that language, permits only one panel of four physicians to be provided to an injured employee. This court cannot, in the guise of liberal construction, amend the statute to provide for an additional panel of four. See generally Mallisham v. Kiker, 630 So. 2d 420, 423 (Ala. 1993).

Perhaps, as a matter of fairness, § 25-5-77(a) should include a provision allowing for multiple panels of four when an injured employee requires multiple physicians in multiple specialties to treat his or her work-related injuries, but "this court may not correct that perceived inequity by reading into the Act a substantive rule of law that its language does not fairly support." Fab Arc Steel Supply, Inc. v. Dodd, 168 So. 3d 1244, 1258-59 (Ala. Civ. App. 2015). This court cannot invade the function of the legislature to amend a law that it perceives to be antiquated or deficient. See Brookwood, 895 So. 2d at 1006; see also Ala. Const. 2022, Art. III, § 42(c) (providing, in pertinent part, that "the judicial branch may not exercise the legislative or executive power"). The decision whether an injured employee should receive more than one panel of four physicians rests exclusively with the legislature, not this court.

Conclusion

A writ of mandamus may issue only if the petitioner has a clear legal right to the requested relief. See Ex parte Publix Super Markets, Inc., 963 So. 2d 654, 657 (Ala. Civ. App. 2007). Because the employee does not have a clear legal right to a second panel of four physicians from

which to choose an orthopedic specialist to treat his left-elbow injury, the petition is due to be, and hereby is, denied.

PETITION DENIED.

Edwards, Fridy, and Bowden, JJ., concur.

Hanson, J., dissents, with opinion.

HANSON, Judge, dissenting.

In this case, it is not disputed that the employer, Hunnicutt Mobile Home Service, Inc., authorized two specialist physicians (one orthopedist and one ophthalmologist) to treat the injuries of the employee, Michael Lancaster, Jr., and while the second sentence of Ala. Code 1975, § 25-5-77(a), does use the singular "initial treating physician" in connection with an employee's right to seek a panel of four physicians, it is well settled that, with respect to the form of words used in the Code of Alabama, "[t]he singular includes the plural, and the plural the singular." Ala. Code 1975, § 1-1-2. Further, I view the issue as one of first impression because Ex parte Brookwood Medical Center, Inc., 895 So. 2d 1000 (Ala. Civ. App. 2004), did not involve a factual situation in which an employer had selected more than one treating physician for an employee who had suffered multiple workplace injuries; the true holding of that case is that a disgruntled employee is afforded one and only one opportunity to seek a panel of four physicians to replace any particular employer-selected treating physician or surgeon. See Ex parte Kish, 45 So. 3d 772, 776 (Ala. Civ. App. 2010). I would grant the petition for the writ of mandamus; therefore, I respectfully dissent from the majority's denial thereof.

17