THOMAS, Judge.
In April 2006, Carole Patterson was employed by El Reposo Nursing Home Group, Inc., as a certified nursing assistant in a nursing home run by El Reposo. On April 21, 2006, Patterson was assisting a resident of the nursing home and she fell. She reported the incident, and El Reposo filed an Employer’s First Report of Injury indicating that Patterson had pulled her back assisting a patient. Patterson was sent to see a physician, who diagnosed her with an “upper thoracic strain,” and she returned to work the following day. Patterson left the employment of El Reposo in May 2006.
Patterson had seen a physician in 2004 and had undergone an MRI at that time. The 2004 MRI revealed a bulging disk at C6-7. Patterson had begun seeing her personal physician, Dr. Jeff Goodman, in February 2006, complaining of pain in her shoulders, neck, back, and arms. Patterson had seen Dr. Goodman on April 12, 2006, for those same complaints.
After her accident on April 21, Patterson next saw Dr. Goodman on May 81, complaining of the same general symptoms in her neck and shoulders. Patterson did not tell Dr. Goodman that she had injured herself at work on April 21. In fact, although Patterson saw Dr. Goodman on *426 August 3, October 18, and October 28, 2006, each time complaining of the same or similar symptoms that had continued to worsen, Patterson never mentioned her April 21 work-related accident to Dr. Goodman. Patterson first related her symptoms and the pain she was feeling to the April 21, 2006, accident on October 9, 2007, when she sought pain-management treatment from Dr. Michael Gosney. Dr. Goodman then referred Patterson to an orthopedic surgeon for consultation and possible surgery.
In May 2007, Patterson filed an action against El Reposo in which she sought workers’ compensation benefits. On Patterson’s motion, the trial court bifurcated the trial, holding a trial on the issue of compensability only on May 29, 2009. After that hearing, in June 2009, the trial court entered a judgment finding Patterson’s injuries compensable. In pertinent part, the court’s order, which did not contain detailed findings of facts and conclusions of law, reads:
“On May 29, 2009, the court conducted a trial on the issue of legal and medical causation, which addressed coverage of this claim under the Workers’ Compensation Act.
[[Image here]]
“The court finds that [Patterson] presented substantial evidence that she suffered an injury arising out of and in the course of her employment as the phrase is defined in the Code of Alabama. The court therefore finds the totality of the evidence substantial enough to satisfy the required showing of medical causation.”
In October 2009, Dr. Martin Jones, the physician El Reposo selected as Patterson’s authorizing treating physician, examined Patterson. Dr. Jones determined that Patterson was not a candidate for cervical disk surgery. He said that Patterson would benefit from pain-management treatment but further stated that such treatment should be paid for by private insurance “since she was having the same symptoms prior to her [work-related] injury.” Based on Dr. Jones’s opinion that any pain-management treatment was not necessitated by the work-related injury, El Reposo refused to authorize pain-management treatment for Patterson. Patterson then filed a motion seeking to have El Reposo held in contempt and to order El Reposo to provide pain-management treatment.
The trial court declined to hold El Repo-so in contempt. However, the trial court ordered that El Reposo either provide another orthopedic physician to examine Patterson to determine the necessity or appropriateness of surgical intervention or provide Patterson pain-management treatment. El Reposo offered Patterson an appointment with a second orthopedic physician, who Patterson rejected. El Reposo then presented Patterson with a panel of four orthopedic physicians from which to choose; Patterson selected Dr. E. Carter Morris.
Dr. Morris examined Patterson on March 22, 2010. Like Dr. Jones, Dr. Morris felt that Patterson was not a good candidate for cervical surgery. He also stated that he agreed with Dr. Jones that Patterson may need pain-management treatment but that any such treatment “should be paid for by her primary health insurance.” An excerpt of Dr. Morris’s deposition testimony indicates that he did not think that the pain-management treatment should be paid for by El Reposo because Patterson had been “showing evidence of pain before the injury.” Dr. Morris also testified that he did not think that Patterson’s symptoms related to Patterson’s April 2006 cervical strain or any of the findings on her MRI scans. He stated *427 that he believed that Patterson had reached maximum medical improvement (“MMI”) and that, in his practice, he typically placed a person who suffered a cervical strain at MMI between three and six months after the injury. Based on Dr. Morris’s opinion, El Reposo again refused to provide pain-management treatment to Patterson, prompting her to file another motion to hold El Reposo in contempt and to seek an order compelling medical treatment.
The trial court granted Patterson’s motion on September 27, 2010, and ordered El Reposo to provide pain-management treatment to Patterson within 10 days. In its order, the trial court stated that it had “previously found that [Patterson] presented substantial evidence that her injuries and symptoms of pain are the result of an injury arising out of and in the course of her employment on April 21, 2006.” It is from this order that El Repo-so seeks mandamus relief.
“ ‘ “[Mjandamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Horton, 711 So.2d 979, 983 (Ala.1998).’ ”
Ex parte Builders & Contractors Ass’n of Mississippi Self-Insurer’s Fund, 980 So.2d 1003, 1006 (Ala.Civ.App.2007) (quoting Ex parte Alloy Wheels Int’l, Ltd., 882 So.2d 819, 821 (Ala.2003), overruled on other grounds by Ex parte DBI, Inc., 23 So.3d 635, 657 (Ala.2009)).
El Reposo argues that the trial court’s order overrides the authority of the authorized treating physician, Dr. Morris, without a determination, or any evidence, that Dr. Morris’s decision not to refer Patterson to pain-management treatment because it was not required to treat her work-related injury was unreasonable. See Ala.Code 1975, § 25-5-77(a) (stating, among other things, that an employer must pay for “reasonably necessary medical and surgical treatment” and providing that disputes as to the necessity of medical services requested are to be determined by the court); Ex parte Wal-Mart Stores, Inc., 794 So.2d 1085, 1088 (Ala. 2001) (explaining that the authorized treating physician is to direct the treatment of the injured employee); Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042, 1046 n. 4 (Ala.Civ.App.2002) (“[Wjhere an employee has received recommendations from both the initial and the second authorized treating physicians in accordance with the procedures outlined in § 25-5-77(a), and the employee is able to prove that the treatment recommended by the authorized physicians does not fall within the parameters of what would be ‘reasonably necessary’ to treat his or her injury or illness, but that another (unauthorized) physician has recommended a treatment that does fall within such parameters, nothing in the first or last sentences of § 25-5-77(a), nor our caselaw, prevents an employee from then proceeding to seek judicial vindication of his right to the latter treatment.”); and City of Auburn v. Brown, 638 So.2d 1339, 1341 (Ala.Civ.App.1993) (stating that the authorized treating physician and not the employer is to dictate the injured employee’s medical treatment). Patterson argues, however, that Dr. Morris was not making a treatment decision but, instead, by concluding that any pain-management treatment would relate to a preexisting injury and not the work-related injury, was making a decision regarding medical causation of her pain symptoms, an issue *428 that had already been determined in Patterson’s favor by the trial court.
Our review of this mandamus petition is complicated by the fact that the trial court, in accordance with prior practice, did not comply with Ala.Code 1975, § 25-5-88, by making detailed findings of fact and conclusions of law in its June 2009 order concluding that Patterson had established medical causation and that her injuries were compensable. This court recently denied a petition for the writ of mandamus seeking review of a compensa-bility determination, in part, because the trial court had not made detailed findings of fact and conclusions of law in its order, making review of the determination difficult if not impossible for this court. Ex parte Cowabunga, Inc., 67 So.3d 136, 139 (Ala.Civ.App.2011). As we explained, the trial court’s sparse order left us
“unable to address [the employer’s argument] because the trial court has failed to enter findings of fact and conclusions of law. Section 25-5-88, Ala.Code 1975, requires circuit courts, when deciding any controversy as to the right to benefits under the Act, to determine that controversy by filing with the clerk of the circuit court ‘a statement of the law and facts and conclusions as determined by [the] judge.’ In this case, the trial court decided the controversies regarding the compensability of the employee’s injury and the right of the employee to medical benefits under the [Workers’ Compensation] Act, but it did not file the requisite findings of fact and conclusions of law, stating in its judgment only that the employee had sustained a personal injury due to an accident arising out of and in the course of his employment on May 29, 2009, and ordering the employer to ‘approve the medical treatment recommended by the [employee’s] authorized treating physician.’ This court has repeatedly reversed similar judgments for failing to apprise this court of the basis for the trial court’s decision as contemplated by § 25-5-88.”
Ex parte Cowabunga, 67 So.3d at 139. We then denied the petition with instructions that the trial court enter an amended order containing the. findings of fact and conclusions of law required by § 25-5-88. Id.
Because we are again unable to discern the parameters and the basis of the trial court’s compensability determination, we again find it necessary to deny the employer’s petition for the writ of mandamus at this stage of the proceedings and order that the trial court, in compliance with § 25-5-88 and Ex parte Cowabunga, enter an amended order addressing the com-pensability issue. At that time, El Reposo may again petition this court for a ■writ of mandamus.
PETITION DENIED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., dissents, with writing.