THOMAS, Judge.
This is the second time that El Reposo Nursing Home Group, Inc. (“El Reposo”), has sought mandamus relief from an order of the Lauderdale Circuit Court requiring El Reposo to “immediately assume payment for treatment of [Carole Patterson’s] injury and pain” arising out of an April 21, 2006, work-related injury Patterson sustained while employed by El Reposo. See Ex parte El Reposo Nursing Home Group, Inc., 70 So.3d 424, 426 (Ala.Civ.App.2011). The facts underlying the petition, with which El Reposo agrees, were set out in our earlier opinion:
“In April 2006, Carole Patterson was employed by El Reposo Nursing Home Group, Inc., as a certified nursing assistant in a nursing home run by El Repo-so. On April 21, 2006, Patterson was assisting a resident of the nursing home and she fell. She reported the incident, and El Reposo filed an Employer’s First Report of Injury indicating that Patterson had pulled her back assisting a patient. Patterson was sent to see a physician, who diagnosed her with an ‘upper thoracic strain,’ and she returned to work the following day. Patterson left the employment of El Reposo in May 2006.
“Patterson had seen a physician in 2004 and had undergone an MRI at that time. The 2004 MRI revealed a bulging disk at C6-7. Patterson had begun seeing her personal physician, Dr. Jeff Goodman, in February 2006, complaining of pain in her shoulders, neck, back, and arms. Patterson had seen Dr. Goodman on April 12, 2006, for those same complaints.
“After her accident on April 21, Patterson next saw Dr. Goodman on May 31, complaining of the same general symptoms in her neck and shoulders. Patterson did not tell Dr. Goodman that she had injured herself at work on April 21. In fact, although Patterson saw Dr. Goodman on August 3, October 18, and October 28, 2006, each time complaining of the same or similar symptoms that had continued to worsen, Patterson never mentioned her April 21 work-related accident to Dr. Goodman. Patterson first related her symptoms and the pain *372 she was feeling to the April 21, 2006, accident on October 9, 2007, when she sought pain-management treatment from Dr. Michael Gosney. Dr. Goodman then referred Patterson to an orthopedic surgeon for consultation and possible surgery.
“In May 2007, Patterson filed an action against El Reposo in which she sought workers’ compensation benefits. On Patterson’s motion, the trial court bifurcated the trial, holding a trial on the issue of compensability only on May 29, 2009. After that hearing, in June 2009, the trial court entered a judgment finding Patterson’s injuries compensa-ble. In pertinent part, the court’s order, which did not contain detailed findings of facts and conclusions of law, reads:
“ ‘On May 29, 2009, the court conducted a trial on the issue of legal and medical causation, which addressed coverage of this claim under the Workers’ Compensation Act.
[[Image here]]
“ ‘The court finds that [Patterson] presented substantial evidence that she suffered an injury arising out of and in the course of her employment as the phrase is defined in the Code of Alabama. The court therefore finds the totality of the evidence substantial enough to satisfy the required showing of medical causation.’
“In October 2009, Dr. Martin Jones, the physician El Reposo selected as Patterson’s authorizing treating physician, examined Patterson. Dr. Jones determined that Patterson was not a candidate for cervical disk surgery. He said that Patterson would benefit from pain-management treatment but further stated that such .treatment should be paid for by private insurance ‘since she was having the same symptoms prior to her [work-related] injury.’ Based on Dr. Jones’s opinion that any pain-management treatment was not necessitated by the work-related injury, El Reposo refused to authorize pain-management treatment for Patterson. Patterson then filed a motion seeking to have El Reposo held in contempt and to order El Reposo to provide pain-management treatment.
“The trial court declined to hold El Reposo in contempt. However, the trial court ordered that El Reposo either provide another orthopedic physician to examine Patterson to determine the necessity or appropriateness of surgical intervention or provide Patterson pain-management treatment. El Reposo offered Patterson an appointment with a second orthopedic physician, who Patterson rejected. El Reposo then presented Patterson with a panel of four orthopedic physicians from which to choose; Patterson selected Dr. E. Carter Morris.
“Dr. Morris examined Patterson on March 22, 2010. Like Dr. Jones, Dr. Morris felt that Patterson was not a good candidate for cervical surgery. He also stated that he agreed with Dr. Jones that Patterson may need pain-management treatment but that any such treatment ‘should be paid for by her primary health insurance.’ An excerpt of Dr. Morris’s deposition testimony indicates that he did not think, that the pain-management treatment should be paid for by El Reposo because Patterson had been ‘showing evidence of pain before the injury.’ Dr. Morris also testified that he did not think that Patterson’s symptoms related to Patterson’s April 2006 cervical strain or any of the findings on her MRI scans. He stated that he believed that Patterson had reached maximum medical improvement (‘MMI’) and that, in his practice, he *373 typically placed a person who suffered a cervical strain at MMI between three and six months after the injury. Based on Dr. Morris’s opinion, El Reposo again refused to provide pain-management treatment to Patterson, prompting her to file another motion to hold El Reposo in contempt and to seek an order compelling medical treatment.
“The trial court granted Patterson’s motion on September 27, 2010, and ordered El Reposo to provide pain-management treatment to Patterson within 10 days. In its order, the trial court stated that it had ‘previously found that [Patterson] presented substantial evidence that her injuries and symptoms of pain are the result of an injury arising out of and in the course of her employment on April 21, 2006.’ ”
Ex parte El Reposo Nursing Home Group, 70 So.3d at 425-27.
Based on our holding in Ex parte Cowabunga, Inc., 67 So.3d 136, 138 (Ala.Civ.App.2011), which required that the trial court in that case make detailed findings of fact and conclusions of law in an order determining compensability so that this court could properly review the determination on mandamus review, we denied El Reposo’s first petition for the writ of mandamus and instructed the trial court to “enter an amended order addressing the compensability issue.” Ex parte El Reposo Nursing Home Group, 70 So.3d at 428. The trial court complied, entering a detailed order on March 31, 2011, explaining its determination that Patterson’s April 21, 2006, injury and the pain resulting from it were both related to the accident that had occurred on that date while Patterson was engaged in her work duties. In pertinent part, that amended order reads:
“The Court recognizes that Ms. Patterson has a history of neck pain over the course of her employment; however, she had treated with Dr. Goodman on April 12, 2006, immediately prior to the accident on April 21, 2006. Dr. Goodman did a cervical spine series which revealed no fractures, dislocations, tumors, or lytic lesions. The Court also finds that at all times during Ms. Patterson’s employment with the defendant, El Reposo, up to the accident on April 21, 2006, Ms. Patterson was performing all of the duties of her job without restrictions.
[[Image here]]
“2. ... At the time of the injury on April 21, 2006, Ms. Patterson was performing without restriction all of the duties required by her employment at El Reposo Nursing Home. The Court finds that although she was being treated at the time of the April 21, 2006, accident by Dr. Goodman for bilateral rotator cuff tendinitis and associated pain radiating into the neck, ... there was no evidence at that time of a herniated disc or serious neck related injury. The Court finds Ms. Patterson’s testimony of new and excruciating pain which she had never felt before during the incident of April 21, 2006, to be credible, related to the incident of April 21, 2006, and consistent with Dr. Goodman’s deposition testimony that on May 31, 2006, during his examination, he noted that her condition seemed to be worsening with sudden movements, that she had pain at night, that the pain was throbbing in nature, and that she had numbness and tingling, all of which were new and different complaints from his examination prior to April 21, 2006. The Court therefore finds the totality of the evidence substantial enough to satisfy the required showing of medical causation.
“3. The Court notes that [Patterson] prior to the onset of her injury on April *374 21, 2006, was able to perform all the duties of her occupation, including heavy-lifting, and that after the said incident, she is no longer able to do so. The Court finds that the herniated discs at C5-C6 and C6-C7 and the resulting pain in her neck which radiates to both arms are the result of the accident on April 21, 2006, and is a compensable injury under the Workers’ Compensation Act of Alabama.”
El Reposo again seeks a writ of mandamus directing the trial court to vacate its September 2010 order and its March 2011 amended order insofar as they require El Reposo to provide and pay for pain-management treatment of Patterson’s injuries.
“ ‘ “[Mjandamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Horton, 711 So.2d 979, 983 (Ala.1998).’ ”
Ex parte Builders & Contractors Ass’n of Mississippi Self-Insurer’s Fund, 980 So.2d 1003, 1006 (Ala.Civ.App.2007) (quoting Ex parte Alloy Wheels Int'l, Ltd., 882 So.2d 819, 821 (Ala.2003), overruled on other grounds by Ex parte DBI, Inc., 23 So.3d 635, 657 (Ala.2009)).
El Reposo makes several arguments in support of its petition for a writ of mandamus. Generally, however, El Reposo argues that, in its orders, the trial court has improperly usurped the role of the authorized treating physicians and has itself made a medical decision regarding the proper medical treatment to be provided to Patterson. El Reposo contends that it is not required to provide pain-management treatment to Patterson because Dr. Jones and Dr. Morris have both opined that Patterson does not require pain-management treatment to treat any symptoms stemming from her work-related injury. Those opinions, says El Reposo, are medical opinions based on medical facts, and, El Reposo contends, the trial court is not free to disregard those medical opinions and order medical treatment that an authorized treating physician has not found necessary.
El Reposo is correct in arguing that it is the role of the authorized treating physician to direct the medical treatment of the injured employee. See Ex parte Wal-Mart Stores, Inc., 794 So.2d 1085, 1088 (Ala.2001) (explaining that, as a “general rule,” the authorized treating physician is to direct the treatment of the injured employee and that an employer cannot refuse the injured employee treatment recommended by that physician); City of Auburn v. Brown, 638 So.2d 1339, 1341 (Ala.Civ.App.1993) (stating that the authorized treating physician and not the employer is to dictate the injured employee’s medical treatment). El Reposo is also correct that it is required to pay for only that medical treatment reasonably necessary to treat Patterson’s work-related injury and associated symptoms. See Ala. Code 1975, § 25-5-77(a) (stating, among other things, that an employer must pay for “reasonably necessary medical and surgical treatment”). Of course, if a dispute arises over whether a particular course of medical treatment is reasonable, the issue may be submitted to the trial court for resolution. § 25-5-77(a) (providing that disputes as to the necessity of medical services requested are to be determined by the court); see also Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042, 1046 n. 4 (Ala.Civ.App.2002) (“[WJhere an employee has received recommendations from *375 both the initial and the second authorized treating physicians in accordance with the procedures outlined in § 25-5-77(a), and the employee is able to prove that the treatment recommended by the authorized physicians does not fall within the parameters of what would be ‘reasonably necessary’ to treat his or her injury or illness, but that another (unauthorized) physician has recommended a treatment that does fall within such parameters, nothing in the first or last sentences of § 25-5-77(a), nor our caselaw, prevents an employee from then proceeding to seek judicial vindication of his [or her] right to the latter treatment.”).
Based on these principles, El Reposo argues that the trial court erred by directing that El Reposo provide pain-management treatment to Patterson despite the opinions of Dr. Jones and Dr. Morris[1] that such treatment would not relate to Patterson’s work-related injury. Thus, El Repo-so contends, the trial court is attempting to override the opinions of the authorized treating physicians and to direct Patterson’s medical treatment. El Reposo admits that, in certain circumstances, a trial court may consider whether a treatment decision made by the authorized treating physician should be disregarded; however, El Reposo argues that a trial court may do so only after evidence on the issue has been adduced, which, El Reposo asserts, has not occurred in the present case.
Patterson argues, however, that Dr. Jones and Dr. Morris were not making a treatment decision but, instead, by concluding that any pain-management treatment would relate to a preexisting condition and not the work-related injury, were making a decision regarding medical causation of her pain symptoms, an issue which had already been determined in Patterson’s favor by the trial court. Patterson’s motion for contempt and to compel medical treatment, which is an exhibit to the mandamus petition, and the trial court’s March 2011 amended order indicate that El Reposo disputed the compens-ability of Patterson’s injury and associated pain on the ground that she suffered from a preexisting condition and therefore that any pain or other symptoms she experienced had not resulted from Patterson’s work-related accident on April 21, 2006. A review of the detailed March 2011 order reveals that the trial court determined that Patterson’s work-related accident caused or contributed to her injury and resulting disability and that her pain symptoms are not attributable to a preexisting injury. See Ex parte Valdez, 636 So.2d 401, 405 (Ala.1994) (explaining that employment must be a contributing cause but is not required to be the sole cause of an injury in order for an injury to be compensable). After resolving the issue of compensability, the trial court further determined that El Reposo was required to provide medical care to Patterson to treat her April 21, 2006, injury and its associated pain symptoms.
The question presented by El Re-poso’s petition is this: whether the opin *376 ions of Dr. Jones and Dr. Morris, who both opined that Patterson’s April 21, 2006, injury had resolved and that her continued symptoms did not result from Patterson’s work-related injury, undermine the com-pensability determination previously made by the trial court. El Reposo objects to characterizing the opinions of Dr. Jones and Dr. Morris as being based on a determination by those physicians that Patterson had a preexisting condition. According to El Reposo, both physicians were making purely medical judgments regarding what treatment should be provided to Patterson to treat her work-related injury, which judgments El Reposo insists are entrusted not to the trial court but to the authorized treating physician. Although neither physician specifically stated that Patterson had a “preexisting condition,” the evidence in the materials attached to El Reposo’s petition and Patterson’s response leads us to conclude that Dr. Jones and Dr. Morris both determined that Patterson’s complaints of pain were not traceable to her work-related injury, a determination that, although certainly a medical determination, is also at the heart of the medical-causation issue, the resolution of which is entrusted not to an authorized treating physician but to the trial court. In this case, the trial court had already determined, in the face of the argument that Patterson’s injury, pain symptoms, and any resulting disability resulted from a preexisting condition, that the April 21, 2006, accident had contributed in some way to Patterson’s injury and that her complaints of pain were the result of that injury and not of a preexisting condition; in other words, the trial court had resolved the medical-causation issue in Patterson’s favor.[2] We fail to see how the opinions of Dr. Jones and Dr. Morris, which directly conflict with the trial court’s resolution of the compensability issue in Patterson’s favor, serve to prevent the inescapable conclusion that the trial court’s medical-causation determination forecloses mandamus relief to El Reposo.
As is abundantly clear from the trial court’s March 2011 order, the trial court had already rejected El Reposo’s argument that the pain Patterson suffers is related to a preexisting condition and had determined instead that Patterson’s work-related injury resulted in the pain symptoms of which she complains; that is, the trial court had resolved the medical-causation issue in Patterson’s favor before El Reposo authorized treatment by Dr. Jones and then Dr. Morris. Regardless of whether Dr. Jones and Dr. Morris have formed the medical opinion that Patterson’s pain is not related to her work-related injury, El Reposo has the duty to provide treatment for Patterson’s pain because the trial court has concluded that medical causation exists. Based on the trial court’s conclusion that Patterson established medical causation, the trial court properly ordered El Reposo to provide reasonably necessary medical care to Patterson. This medical care should include pain-management treatment because both Dr. Jones and Dr. Morris believe that such treatment is warranted; their further belief that such treatment should not be considered the responsibility of El Re-poso is irrelevant. We therefore deny El Reposo’s petition for a writ of mandamus because it cannot establish a clear legal right to the relief it seeks.[3]
PETITION DENIED.
*377 THOMPSON, P.J., concurs.
PITTMAN, BRYAN, and MOORE, JJ., concur in the result, without writings.

. Although Patterson argues in her response to El Reposo's petition that neither Dr. Morris nor Dr. Jones should be considered her authorized treating physician because El Reposo forfeited its right to choose her authorized treating physician by refusing to treat her injury until after she had successfully proved medical causation at trial, see Fluor Enters., Inc. v. Lawshe, 16 So.3d 96, 103 (Ala.Civ.App.2009), it appears that, even if El Reposo had forfeited its right to select her authorized treating physician, a decision which we need not make in this opinion, Patterson permitted El Reposo to select Dr. Jones and then demanded a panel of four physicians from which she chose Dr. Morris. We need not resolve the issue, however, and, thus, for purposes of our discussion here, we will treat Dr. Jones and Dr. Morris as authorized treating physicians.

. The trial court also determined that Patterson had proved legal causation, of course, but the issues presented by this mandamus petition do not involve questions related to that conclusion.

. El Reposo argues vehemently that a denial of this petition for a writ of mandamus will *377 result in a grant of permission to "every trial judge in Alabama ... to order a referral to a pain management physician in every case where an injured worker experienced pain as a result of a work-related accident even when the authorized treating physician does not think that such treatment is necessary to treat the work injury." Petition at 16 (emphasis in original). We disagree. By denying this petition for a writ of mandamus, this court is not allowing the trial court to direct Patterson’s medical treatment. Instead, we are refusing to permit El Reposo to rely on a medical opinion that directly conflicts with the trial court’s medical-causation determination to escape its obligation to provide Patterson medical treatment.